LEON STAHL, RELATOR, v. ROMANIAN YOUNG MEN'S
ASSOCIATION, RESPONDENT.

Argued November 9, 1908—Decided February 23, 1909.

The circumstances of this case held sufficient to justify award of an
alternative *mandamus*.

On motion for *mandamus*.

Before Justices GARRISON, PARKER and VOORHEES.

For the relator, *Charles Elin*.

For the respondent, *Philip J. Schotland*.

The opinion of the court was delivered by

PARKER, J.   The relator is a member of the respondent
society, and by its action was deprived of a vote and voice in
its affairs for the period of one year less a day, and of the
right to hold office in the society for the period of two years.
He asks for a *mandamus* to reinstate him in his full privi-
leges, on the ground that the action of the society was without
warrant of law.

The moving papers do not disclose the facts in the case with
satisfactory fullness.   The constitution and by-laws of the de-
fendant society were not put in evidence, with the exception
of certain extracts which were read at the time the depositions
were taken.   The story told by relator in his deposition is
different from that indicated by the minutes of the society
which were read in evidence.   It is conceded, however, that
the relator was chairman of a ball committee of the society,
and in that capacity solicited and obtained advertisements for
a program, and, among others, the advertisement of another
order, known as the Berith Sholem, for which the respondent
society was to receive $5.   The money did not come in and
relator was asked about it in meeting, and, according to his

story, explained that he had not been able to collect it and therefore had not turned it in, but that as soon as he did collect it he would turn it in. He claims that the action of the society in depriving him of his franchise of vote and eligibility to office was based upon this occurrence.

The minutes tell a somewhat different story, viz., that relator was accused of having accepted the advertisement without any specific contract for the payment of $5 or any other sum, and that an investigating committee ascertained this by inquiries from the Order Berith Sholem. It appears, however, that afterwards the said order, through its representatives, stated that there had been a specific agreement, and that they would pay the money in due course. This statement, however, was not made until after relator had been tried by an executive committee of his association upon some charges which are not definitely stated in the case, and the action had been taken of which he complains here.

It appears, however, that there is no provision in the constitution and by-laws for the punishment of any class of offence to which the transaction in question can be assigned, and while the general rule is that the courts will not interfere in the conduct of these beneficial associations where any purely disciplinary measures are concerned, it seems to us that on neither theory of the case can the action of the association be regarded as disciplinary. For misbehavior at a meeting the by-laws provide punishment by cumulative fines and expulsion from the room, but there was no disorderly conduct shown by any of the evidence so far submitted, nor does there seem to have been any legal warrant for the punishment inflicted upon the relator, either by the organic law of the association or by any principles of natural justice.

We do not think that the facts are so clear as to justify the award of a peremptory *mandamus* reinstating him in his rights, but we do think that he has made out a sufficient case to justify this court in calling upon the association to show cause why he should not be so reinstated. An alternative *mandamus* will, therefore, be awarded.